UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.   19-CR-75-LEW |
| v. | : | |
| | : | |
| SUZANNE E. MUSCARA | : | |

MS. MUSCARA'S MEMORANDUM IN AID OF SENTENCING

**NOW COMES** the Defendant, Suzanne E. Muscara (hereinafter sometimes "Ms. Muscara" or "Defendant"), by and through undersigned counsel, and hereby submits her memorandum in aid of sentencing.

*I.   Summary/Procedural Background*

Ms. Muscara was charged with one count of violating 18 U.S.C. § 876(c).  *See* ECF #15.  She was convicted of the charge by a jury on November 4, 2019.  *Id.* at #59.

18 U.S.C. § 876(c) provides, among other things, that when "a communication is addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114, the individual shall be fined under this title, imprisoned not more than 10 years, or both".  This case was charged (indicted) pursuant to § 876(c) which required the government to prove, as an element, that the recipient of a threat was an official covered by 18 U.S.C. § 1114.

The Presentence Investigation Report ("PSR") found a base offense level of 12 (PSR at ¶13), applied a four level reduction pursuant to United States Sentencing Guideline ("USSG") §2A6.1(b)(6)(single instance evidencing little or no deliberation)(*Id.* at ¶14) and a six level

enhancement arguing that "[t]he victim is a government officer or employee, and the offense of conviction was motivated by that status" pursuant to USSG §3A1.2(b)(*Id.* at ¶15). The current total offense level is 14. Ms. Muscara's criminal history category is IV. The resultant advisory guidelines sentencing range is 27-33 months. "The government will be recommending a sentence at the low end of the guidelines". *See* ECF #67.

The defense objected to the six level enhancement under USSG §3A1.2(b). The gravamen of the objection is that application of the enhancement (1) is not supported by the evidence in the case and (2) it would constitute impermissible double counting. In the event the defense is successful in its challenge to the enhancement, the resultant total offense level would be 8 rather than 14 and the advisory guidelines sentencing range drops from 27-33 months to 10-16 months. The government concurs in this assessment. *See* ECF #67 ("The government does note, however, that if the defendant succeeds with her argument regarding the application of the 6-level enhancement pursuant to USSG §3A1.2(b), her guidelines range would be between 10-16 months"). The government further agrees that Ms. Muscara has been in custody on this charge since April 5, 2019. *Id.* Accordingly, depending on the resolution of this issue, Ms. Muscara may be in position to argue for a time-served sentence since she is now approaching nearly 16 months in official custody on this charge.

## II.     *The Sentencing Process*

The Supreme Court in *Gall v. United States*, 128 S. Ct. 586 (2007) and the First Circuit in *U.S. v. Martin*, 520 F.3d 87 (1st Cir. 2008), have established and reiterated the sentencing process we are to follow. The sentencing determination begins with the calculation of the advisory sentencing range. This includes the appropriateness of any recognized Guideline departures. *Martin* at 91. The court then hears from the parties on a proper sentence considering

the case and defendant specific facts, weighing the applicability of the factors delineated at 18 U.S.C. § 3553(a). The final sentence rests with the explained determination of the Court. *United States v. Jimenez-Beltre*, 440 F.3d 514, 518-19 (1st Cir. 2006)(*en banc*). A sentencing judge may additionally reject the Guideline range on the basis of a policy disagreement with the Guidelines. *United States v. Boardman*, 528 F.3d 86, 87 (1st Cir. 2008). On review, *Gall* directs the circuit to look to the procedural soundness and substantive reasonable of the sentence. *United States v. Thurston*, 544 F.3d 22, 24-25 (1st Cir. 2008) citing *Gall*, 128 S. Ct. at 597.

The First Circuit reiterates, "[t]here is no single reasonable sentence in any particular case but, rather, a universe of reasonable outcomes," *United States v. Walker*, 665 F.3d 212, 234 (1st Cir. 2011), and "[w]e generally respect the district court's sentence as long as the court has provided a plausible explanation, and the overall result is defensible," *United States v. Innarelli*, 524 F.3d 286, 292 (1st Cir. 2008); *U.S. v. Prosperi*, 686 F.3d 32, 43 (1st Cir. 2012)(J. Lipez). The hallmarks of a substantively reasonable sentence are a plausible sentencing rationale and a defensible result. *United States v. Rivera-González*, 776 F.3d 45, 51 (1st Cir. 2015).

### III. *Ms. Muscara's Actions were Not Motivated by Susan Collins' Status as a United States Senator Thus an Enhancement Pursuant to United States Sentencing Guideline § 3A.1.2 is Not Appropriate.*

The PSR increases Muscara's base offense level by six levels pursuant to USSG §3A1.2, which provides that: "If (1) the victim was (A) a government officer or employee; (B) a former government officer or employee; or (C) a member of the immediate family of a person described in subdivision (A) or (B); and (2) the offense of conviction was motivated by such status" "increase by 6 levels." USSG §3A1.2(a),(b).

3

The Application Note applicable to this enhancement provides that: "Motivated by such status", for purposes of subsections (a) and (b), means that the offense of conviction was motivated by the fact that the victim was a government officer or employee, or a member of the immediate family thereof. This adjustment would not apply, for example, where both the defendant and victim were employed by the same government agency and the offense was motivated by a personal dispute. Motivation because of Government official/employee status is required.  For instance, an enhancement under this section might be proper where the defendant "knew that the recipient[ of a threat]....  w[as a].... government employee, and ... [her] ... intention ... [is] to spur official action." *United States v. Manns*, 690 F. App'x 347, 352 (6th Cir. 2017).

Muscara submits that the Government failed to present evidence to support this enhancement. The government bears the burden of proving sentence enhancing factors by a preponderance of the evidence.  *See United States v. Cates*, 897 F.3d 349, 354 (1st Cir. 2018); *citing United States v. Nunez*, 852 F.3d 141, 144 (1st Cir. 2017).  The evidence supporting the enhancement "must have 'some minimum indicium of reliability beyond mere allegation.'" *United States v. Humphrey*, 656 F. App'x 91, 95 (6th Cir. 2016)(internal citation omitted).  The Government cannot merely point to the fact that Susan Collins was a congressperson as the sole evidence to support this enhancement.  The enhancement requires more – it requires the Government to prove that Muscara was motivated, at least in part, by this "official position." There was simply no evidence provided by the Government to meet this standard; therefore, the failure of the Government to provide evidence at trial requires the Court to reject this enhancement.

At trial the government admitted, without objection, transcript excerpts of Ms. Muscara's interview with agents wherein she stated "I found her address, *I found out who she was, I was like, who is this lady or whatever, I never heard of her*". *See* Government Exhibit 2T, p. 2 (emphasis added). The government's own trial exhibit thus demonstrates that Ms. Muscara did not have an understanding of Susan Collins' status as a government official. To the contrary, the government's exhibit established that Ms. Muscara told the agents, in substance, that she did not know who Susan Collins was ("I was like, who is this lady") and that she didn't know she was a U.S. Senator[1] ("I never heard of her"). *Id.* Additionally, Government Trial Exhibit 1(a), which is an envelope which contained the "threat" is addressed only to "Susan Collins or current resident". It is not addressed to "The Honorable Susan Collins, United States Senator", "United States Senator Susan Collins" or similar. Insofar as the government's evidence establishes that Ms. Muscara did not know who Susan Collins was, it goes without saying that she did not know she was a United States Senator and thus any communication to her could not have been motivated by that status. The transcript excerpt offered by the government is the best evidence of Ms. Muscara's understanding of Susan Collins' status and demonstrates that she didn't know who she was. *See* Government Exhibit 2T, p. 2.

Although Susan Collins was a member of Congress, Muscara's actions were motivated by her reaction to comments about a Supreme Court nominee who was the subject of sexual harassment/abuse allegations. Thus, Susan Collins could have been a member of Congress, a

---

[1] The defense is mindful of the fact that it stipulated to the fact that Susan Collins is an official covered by 18 U.S.C. § 1114. However, the question whether Ms. Muscara's communication to her was "motivated" by that status which is required to support the enhancement is a different question entirely.

baker, or a NASCAR driver - Susan Collins' position did not matter to Muscara; only her words did. The enhancement is inappropriate.

Finally, given the significant effect this enhancement would have on the Guidelines calculation in this case, the miscalculation of the Guidelines cannot be harmless error. "When a defendant is sentenced under an incorrect Guidelines range—whether or not the defendant's ultimate sentence falls within the correct range—the error itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, --- U.S. ---, 136 S. Ct. 1338, 1345 (2016). Without the erroneous enhancement, Muscara's advisory sentencing range would be 10-16 months instead of 27-33 months. Thus, the error is not harmless. For all these reasons, Ms. Muscara objects to application of the six level enhancement contemplated by United States Sentencing Guideline § 3A.1.2.

IV. *Applying the Six-Level Enhancement in § 3A1.2(b) Gives Rise to Impermissible Double Counting.*

Under USSG §3A1.2(b), as described *supra*, a six-level offense-level enhancement applies for government-officer victims. Applying that enhancement in Ms. Muscara's case, however, creates a situation of impermissible double counting[2].

---

[2] The defense notes that there appears to be scant case law in the First Circuit concerning the applicability of a §3A1.2(b) enhancement in a case brought under 18 U.S.C. § 876(c). Most of the cases addressing the "official victim" enhancement do so in the case of assaults upon law enforcement officials. The defense is aware of a 28 U.S.C. § 2255 challenge to a sentence in a case in this district where the defendant mailed threatening communications to a United States senator, a representative, the governor of the state of Maine and the governor of another state and it does not appear that the 6 level enhancement under §3A1.2(b) was applied. *Thomas v. United States*, 2:15-cv-00007-DBH, 2015 WL 6734808 (D. Me. Sept. 30, 2015).

The First Circuit has acknowledged that "the guidelines themselves are the most helpful aid in the task of separating permissible double counting from its impermissible counterpart." *United States v. Fiume*, 708 F.3d 59, 62 (1st Cir. 2013) *citing United States v. Lilly*, 13 F.3d 15, 1994).

In this case, the §3A1.2(b) enhancement does *not* punish different aspects of Defendant's conduct from those addressed in §2A6.1 itself. Appendix A of the U.S. Sentencing Guidelines manual, of course, provides a statutory index listing the guidelines applicable to each offense statute. This index links offenses under § 876(c) (the statute at issue in Ms. Muscara's case—a statute which again addresses communications "addressed to a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114") to §2A6.1. *See* PSR at ¶13. Section 876(c) applies only to offenses involving a United States judge, a Federal law enforcement officer, or an official who is covered by section 1114. Thus §2A6.1, applicable to violations of § 876(c), already accounts for a victim's official status.

At trial, the defense stipulated to the victim's status as an official covered by section 1114. That status constituted an element of the offense under § 876(c), the statute of conviction, and §2A6.1 accounted for it by accounting for the elements of § 876(c) in accordance with its assignment as the applicable guideline for § 876(c).

Section 2A6.1 addresses, narrowly and explicitly, the limited circumstances justifying application of the §3A1.2(b) enhancement. The commentary to §2A6.1 states that the §3A1.2 official-victim enhancement applies to offenses committed in violation of § 1521. *See* §2A6.1, comment. (n.2). Had the Commission intended §3A1.2 enhancements to apply to *other* offenses,

it would have included them in its commentary. Instead, it recognized that the offense of conviction (under § 876(c) here) already accounts for a victim's official status.

For all of these additional reasons, applying the §3A1.2(b) enhancement would create error in Ms. Muscara's case and render the sentence procedurally unreasonable.

### V.     *Conclusion*

For all of these reasons, the defense respectfully asks that the Court not apply the six level enhancement suggested by the PSR.  If it does not, the parties agree that the applicable advisory guidelines sentencing range would be between 10-16 months.  In that event and insofar as Ms. Muscara has been in official custody on this charge since April 5, 2019, the defense anticipates recommending a time served sentence to the Court at sentencing.

                                              Respectfully submitted,

Dated:  August 19, 2020                        /s/ James S. Nixon
                                              James S. Nixon, Esquire
                                              Assistant Federal Defender
                                              Office of the Federal Defender
                                              23 Water Street, Suite 206
                                              Bangor, Maine 04401
                                              Attorney for Defendant

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No.   19-CR-75-LEW |
| v. | : | |
| | : | |
| SUZANNE MUSCARA | : | |

### CERTIFICATE OF SERVICE

    I, James S. Nixon, Esquire, Assistant Federal Defender, Office of the Federal Defender, attorney for the Defendant, hereby certify that on August 19, 2020, I electronically filed Ms. Muscara's Memorandum in Aid of Sentencing with the Court via the CM/ECF electronic filing system which will send notification of such filing via said system electronically on the 19th day of August, 2020 to the following persons:

    Andrew McCormack, Assistant U.S. Attorney
    U.S. DEPARTMENT OF JUSTICE
    202 Harlow Street, Rm 111
    Bangor, Maine  04401
    Andrew.McCormack@usdoj.gov

    Jennifer Kuhn, USPO
    U.S. Probation & Pretrial Services
    202 Harlow Street  Room 209
    Bangor,  ME   04401
    jennifer.kuhn@mep.uscourts.gov


Dated: August 19, 2020                         /s/ James S. Nixon
                                                    James S. Nixon, Esquire
                                                    Assistant Federal Defender
                                                    Office of the Federal Defender
                                                    23 Water Street, Suite 206
                                                    Bangor, Maine 04401
                                                    Attorney for Defendant