UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V.                      ) | Docket No. 1:19-cr-00075-LEW |
| ) | |
| SUZANNE E. MUSCARA       ) | |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S SENTENCING MEMORANDUM**

The United States of America, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, and Andrew McCormack, Assistant United States Attorney, hereby submits this memorandum in response to the defendant's sentencing memorandum. Specifically, the government believes that the application of U.S.S.G. § 3A1.2(b) was appropriate in this case and does not constitute impermissible double counting.

The defendant's arguments regarding double counting have been addressed and dismissed by the 6th Circuit in United States v. Nickerson, 782 Fed.Appx. 377 (6th Cir. 2019)(unpublished). In that case, the defendant pleaded guilty to threatening to assault a federal official in violation of 18 U.S.C. § 115(a)(1)(B), (b)(4). Id. at 378. In the Presentence Report, Probation recommended "a six-level enhancement under U.S.S.G. § 3A1.2(b) because Nickerson's actions were motivated by [the victim's] status as a government employee." Id. at 379. Over Nickerson's objection, the court applied the six-level enhancement and Nickerson was sentenced. Id. On appeal, Nickerson argued that his sentence was procedurally unreasonable because the district court's application of the § 3A1.2 enhancement amounted to double counting. Id.

In its decision, the 6th Circuit specifically addresses the double counting issues raised by the defendant in her sentencing memorandum. The court states:

> This court has already rejected the argument that U.S.S.G. § 2A6.1 itself incorporates victim status into the offense guideline. United States v. Cousins, 469 F.3d 572, 575 (6th Cir. 2006). As Nickerson acknowledges, the language of § 2A6.1 makes no

1

reference to the victim's status as a government official; in contrast, § 2A6.1 provides the same base offense level of 12 to all threatening communications, regardless of whether the victim of those threats is a government official. Id.; see also U.S.S.G. Appendix A (linking § 2A6.1's base offense level to offenses with no victim status requirement, including 18 U.S.C. §§ 32(c), 35(b), 875(c), 1992(a)(10), 2280, 2291, 2292, 2332a and 47 U.S.C. 223(a)(1)(C)–(E)). Because "[t]he offense guideline ... does not account for the victim being an official[,] no double counting has occurred." United States v. Talley, 164 F.3d 989, 1004 (6th Cir. 1999); see also United States v. Green, 25 F.3d 206, 211 (3d Cir. 1994) (finding no impermissible double counting where U.S.S.G. § 3A1.2 enhancement applied to defendant convicted under 18 U.S.C. § 115(a)(1)(B)); United States v. Pacione, 950 F.2d 1348, 1356 (7th Cir. 1991) (same).

Nickerson's argument that Amendment 718 to the Guidelines [U.S.S.G. § 2A6.1, Application Note 2] vitiates our prior rejection of the double counting argument is also unavailing. Nickerson's proposed reading of the amendment—that courts can only apply the § 3A1.2 enhancement alongside a § 2A6.1 enhancement where the underlying criminal offense is a violation of 18 U.S.C. § 1521—is inconsistent with the reason for the amendment provided by the Sentencing Committee. Reason for Am. 718, U.S.S.G. Suppl. to Appendix C at 288–89 (Nov. 1, 2008). The amendment sought to clarify that the § 3A1.2 enhancement is applicable when the underlying offense is a violation of 18 U.S.C. § 1521, but the amendment did not suggest the § 3A1.2 enhancement is applicable *exclusively* when the underlying offense is a violation of 18 U.S.C. § 1521. [emphasis in original].[1] The amendment has no bearing on our earlier reading of § 2A6.1.

Nickerson correctly observes that the underlying criminal offense contains a requirement that the victim of the threat was a federal official. But the fact that victim status was both an element of Nickerson's underlying offense and an element of one of his Guidelines enhancements does not amount to double counting, because the statute and the Guidelines enhancements played different roles in determining Nickerson's ultimate sentence. See United States v. Williams, 500 F. App'x 364, 365 (6th Cir. 2012). The statutory language in 18 U.S.C. § 115(b)(4) established a statutory maximum of six years' imprisonment for threatening to assault a government official. In contrast, the Guidelines "produced a nonbinding recommendation that merely served (along with the other factors in 18 U.S.C. § 3553(a)) to guide the court in selecting an appropriate sentence" within the range established by § 115(b)(4), not in addition to the range established by § 115(b)(4). Williams, 500 F. App'x at 365. In other words, the statute used the victim's status to identify the "outer limits of [the district court's] sentencing discretion," whereas the Guidelines used the victim's status to identify "the particular sentence recommended by the Sentencing Commission" within those outer limitations.

---

[1] See also United States v. Davila-Bonilla, 2020 WL 4343400 (1st Cir., July 29, 2020) at *8:

[T]he sentencing commission (the agency that issues and updates the guidelines) amended § 2A6.1's commentary to make clear that the § 3A1.2 enhancement applies if the defendant violates 18 U.S.C. § 1512. See United States v. Nickerson, 782 F. App'x 377, 382 (6th Cir. 2019) (discussing USSG suppl. to app. C at 288-89, amend. 718, reason for amend. (2008)). But the amendment does not suggest that the enhancement applies only when the defendant violates § 1512. See id. And a quick Westlaw search turns up circuit-level cases issued after the amendment that applied the enhancement to threat offenses other than § 1512, see, e.g., id. at 378, 382; United States v. Manns, 690 F. App'x 347, 350, 354 (6th Cir. 2017); United States v. Conaway, 713 F.3d 897, 899, 903 (7th Cir. 2013)…

2

<u>Id.</u> No double counting of the victim's status occurred here. Thus, we uphold the district court's application of the § 3A1.2 enhancement.

<u>Id.</u> at 381-382.

For the above-stated reasons, the application of U.S.S.G. § 3A1.2 is appropriate in this case and does not constitute impermissible double counting.

Dated at Bangor, Maine this 19th day of August, 2020.

    Respectfully submitted,

    HALSEY B. FRANK
    United States Attorney

    **BY:  /s/ ANDREW MCCORMACK**
    ANDREW McCORMACK
    Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 19, 2020, I filed the GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James Nixon, Esq., at james_nixon@fd.org

    Halsey B. Frank
    United States Attorney

    BY:  /s/ Andrew McCormack
    Andrew McCormack
    Assistant United States Attorney
    United States Attorney's Office
    202 Harlow Street, Room 111
    Bangor, Maine 04401
    Tel:  207-945-0373
    Andrew.mccormack@usdoj.gov