**REQUEST FOR A COMPLIANCE HEARING AND ISSUANCE OF SUMMONS**

---

# UNITED STATES DISTRICT COURT
## for the District of Maine

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Request for Compliance Hearing |
| | ) | |
| vs. | ) | Docket No.: 0100 1:19CR00075 |
| | ) | |
| Suzanne E Muscara | ) | |

On October 29, 2020, Suzanne E. Muscara was sentenced to 30 Months Imprisonment; 36 Months Supervised Release for Mailing Threatening Communication, 18 U.S.C. § 876(c). Ms. Muscara commenced supervision on May 21, 2021, in the District of New Jersey. On June 25, 2021, supervision was accepted in the District of Maine, at the defendant's request.

On August 12, 2021 a referral was made to Dirigo Counseling to address the defendant's mental health special conditions. The defendant protested that she was currently seeing a mental health professional of her own choosing, and did not wish to participate in additional assessments. The Probation Office reinstructed the defendant as to the requirements of her condition and explained that an assessment conducted by the contracted provider would need to take place. The defendant stated that she understood the instruction.

On October 19, 2021, the probation officer was informed by the treatment provider that they had attempted to schedule the defendant's assessment, and had left voicemails for the defendant on September 20, September 21, and September 22, 2021. None of the messages had been returned. On October 6, 2021, the probation officer reached the defendant and instructed her to contact Dirigo Counseling. The defendant stated that she had not received any messages from the provider. The assessment was eventually able to be scheduled for November 5, 2021.

On November 5, 2021, the defendant sent 13 text messages to the probation officer relaying her experience in the assessment, which was terminated by the provider due to the defendant becoming loud and aggressive during the session, and exhibiting behaviors generally inappropriate in a treatment setting. The probation officer then spoke on the phone with the defendant who was very upset, speaking in a very loud and agitated tone, referring to the staff at Dirigo as "hacks." The defendant was informed that her tone was not appropriate for communication with the officer, nor with the provider. The defendant repeated her opposition to the imposed conditions, and stated that her conviction was a result of government overreaction to a prank that she "thought was hilarious."

On November 6, 2021, the probation officer spoke with the clinician who conducted the assessment. He reported that at the beginning of the session, the defendant appeared in total darkness, when asked to turn a light on, the defendant began shining a light directly at the camera. As the session continued, the defendant became louder with the clinician, and stated that she did not understand why she "has to see a piece of crap counselor from Maine." When the clinician attempted to calm the defendant and redirect her behavior to the assessment, the defendant laughed and stated that she was "having so much fun" speaking to him that way. The clinician terminated the session at that time.

The Probation Office explored options to address the defendant's mental health needs. A referral was made to Catholic Charities of Maine to conduct a psychiatric evaluation to diagnose the defendant's condition and make a treatment recommendation. This evaluation was scheduled to occur via telehealth on January 19, 2021.

On January 19, 2021, the probation officer was contacted by the clinician at Catholic Charities who had conducted the evaluation. She reported that the defendant's behavior was loud, aggressive, and inappropriate for a clinical setting. She reported that the defendant appeared to be intoxicated during the session, and that the defendant admitted consuming alcohol regularly as a pain management tactic. The clinician had to ask the defendant several times during the session to stop yelling and conduct herself in an appropriate manner. The defendant stated to the clinician that she wished the Probation Office would "piss off" and leave her alone. The defendant gave the clinician sarcastic and evasive answers, such as when she asked about allergies, reporting that she was allergic to "all medicines."

The U.S. Probation and Pretrial Services Office believes that the aforementioned violation conduct can be addressed with community-based sanctions. However, it is respectfully recommended that a compliance hearing be scheduled, and a summons be issued for Suzanne E. Muscara.

Respectfully Submitted,

*Mitchell Oswald*

Mitchell E. Oswald
U.S. Probation Officer

Reviewed: *Melanie Holton*
Melanie Holton
Supervisory U.S. Probation Officer
1/21/2022